1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    JUSTIN STEELE,                              Case No. 1:19-cv-00471-AWI-JLT (PC)

12                        Plaintiff,              **ORDER TO SHOW CAUSE WHY ACTION**
                                                  **SHOULD NOT BE DISMISSED FOR**
13            v.                                  **FAILURE TO COMPLY WITH THE**
                                                  **COURT'S ORDER**
14    CDCR, et al.,
                                                  21-DAY DEADLINE
15                        Defendants.

16

17           On April 27, 2021, the Court issued a screening order finding that Plaintiff's first

18    amended complaint states cognizable claims against Defendants in their individual capacities, but

19    not in their official capacities. The Court therefore directed Plaintiff, within 21 days, to file a

20    second amended complaint curing the deficiencies in his pleading or a notice that he wishes to

21    proceed only on the claims found cognizable. (Doc. 23.) Although more than the allowed time

22    has passed, Plaintiff has failed to file an amended complaint or a notice to proceed.

23           The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide,

24    "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for

25    the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

26    Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising

27    that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth.,*

28    *City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a

party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.,*

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a

court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir.

1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421,

1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, the Court ORDERS Plaintiff to show cause in writing, **within 21 days** of the

date of service of this order, why this action should not be dismissed for his failure to comply

with the Court's order. Alternatively, within that same time, Plaintiff may file a second amended

complaint curing the deficiencies identified in the Court's screening order (Doc. 23) or a notice of

that he wishes to proceed only on the (individual-capacity) claims found cognizable. **Failure to**

**comply with this order will result in a recommendation that this action be dismissed for**

**failure to obey a court order.**

IT IS SO ORDERED.

Dated: __**June 2, 2021**__                                       __**/s/ Jennifer L. Thurston**__
                                                                        CHIEF UNITED STATES MAGISTRATE JUDGE