UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN STEELE,<br><br>            Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>            Defendants. | Case No.  1:19-cv-00471-AWI-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EFFECT SERVICE**<br><br>21-DAY DEADLINE |

Plaintiff Justin Steele is a state prisoner proceeding *pro se* and *in forma pauperis* in this action. On August 1, 2021, the Court issued an order directing service of process on Defendants Gutierrez and Herrera. (Doc. 29.) On August 12, 2021, the U.S. Marshals Service filed a return of service unexecuted as to the defendants. (Doc. 32.)

Federal Rule of Civil Procedure 4 provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving plaintiffs proceeding *pro se* and *in forma pauperis*, the Court routinely orders the U.S. Marshals Service to serve the summonses and complaints on the defendants. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be

penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotation marks and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472, 115 (1995). However, where a *pro se* plaintiff fails to provide the U.S. Marshal with sufficient information to effect service on a defendant, the Court may dismiss that defendant. *Id.* at 1421-22.

The California Department of Corrections and Rehabilitation attempted service on Defendants through the Court's e-service pilot program. (*See* Docs. 29, 31.) However, the CDCR Office of Legal Affairs indicated that it could not identify the defendants with the information provided. (Doc. 31.) Thus, Defendants could not be served via the e-service program. The U.S. Marshal Service then attempted service on Defendants, but it too could not identify them with the given information. (Doc. 32.) According to the Marshal, the litigation coordinator at Wasco State Prison could not identify the defendants given (1) the commonness of the names Gutierrez and Herrera, (2) the fact that no first names or first-name initials were provided, and (3) that no employees with the provided names were assigned to transport Plaintiff on the date in question. (*Id.*)

Plaintiff has therefore provided insufficient information to identify Defendants for service of process. If Plaintiff is unable to provide the U.S. Marshal with sufficient information to identify the defendants, this action will be dismissed without prejudice. Pursuant to Rule 4(m), the Court will first provide Plaintiff with the opportunity to show cause why this action should not be dismissed at this time.

Based on the foregoing, the Court ORDERS Plaintiff, **within 21 days** of the date of service of this order, to show cause in writing why this action should not be dismissed. Plaintiff may also provide additional identifying information about Defendants.

///

///

The failure to respond to this order or the failure to show good cause will result in a recommendation that this action be dismissed for failure to effect service.

IT IS SO ORDERED.

Dated: __**September 27, 2021**__              _____ **/s/ Jennifer L. Thurston**
                                              CHIEF UNITED STATES MAGISTRATE JUDGE