UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN STEELE,<br><br>              Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>              Defendants. | Case No. 1:19-cv-00471-AWI-BAK (SAB) (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO EFFECT SERVICE OF PROCESS**<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Justin Steele is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    BACKGROUND**

In his original complaint, Plaintiff named as defendants CDCR (California Department of Corrections and Rehabilitation), Warden John Sutton, Correctional Lieutenant E. Venegas, and Correctional Officers J. Carillo, J. Delgadillo, A. Hermosillo, F. Sackett, R. Samarripas, A. Sandoval and R. Calderon. (Doc. 1 at 1, 2.)

Following screening, Plaintiff was given leave to amend his complaint, curing the deficiencies identified in the screening order. (Doc. 13.)[1]

//

---

[1] Plaintiff was informed that his amended complaint would supersede his original complaint and that the amended complaint was to be complete in itself. (*See* Doc. 13 at 8, citing *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) and Local Rule 220.)

Plaintiff filed a first amended complaint on September 28, 2020. (Doc. 22.) His amended complaint named only Correctional Officers Herrera and Gutierrez in their individual and official capacities; no other defendant is named. (*Id*. at 1, 2.)

On April 28, 2021, the Court issued an order directing Plaintiff to file a second amended complaint or to notify the Court of his desire to proceed only on the claims found cognizable. (Doc. 23.) Specifically, following screening of the first amended complaint, the Court found Plaintiff stated cognizable claims of deliberate indifference to safety against Herrera and Gutierrez in their individual capacities only. (*Id*. at 4-7.)

When Plaintiff failed to file a second amended complaint or otherwise notify the Court after 21 days, an Order to Show Cause issued on June 2, 2021, directing Plaintiff to show cause why the action should not be dismissed for his failure to comply with the Court's order. (Doc. 24.) Following an extension of time, on July 26, 2021, Plaintiff filed a notice to proceed on the cognizable claims. (Doc. 27.)

On August 2, 2021,[2] the Court issued its Order Finding Service of Complaint Appropriate and Directing Service, specifically identifying "Herrera" and "Gutierrez" as correctional officers employed at Wasco State Prison on March 24, 2017 and directing service under the Court's e-service pilot program. (Doc. 29.) Summonses issued that same date. (Doc. 30.)

On August 12, 2021, the United States Marshals Service (USMS) returned the summonses directed to Correctional Officers Herrera and Gutierrez unserved. (Doc. 32.) USMS advised that the Litigation Coordinator at Wasco State Prison indicated that no employees with the last names Herrera or Gutierrez was assigned to the "transport unit" "on the specified day," and because no first initials had been provided, no identification could be made. Neither correctional officer could be located. (*Id*. at 1, 2.)

On September 28, 2021, the Court issued an Order to Show Cause why the action should not be dismissed for Plaintiff's failure to effect service of process. (Doc. 34.) Thereafter, Plaintiff

---

[2] Then Magistrate Judge Jennifer L. Thurston also issued Findings and Recommendations to Dismiss the official capacity claims against Defendants Herrera and Gutierrez. (Doc. 28.) On September 2, 2021, District Judge Anthony W. Ishii adopting the Findings and Recommendations in full and dismissed the official capacity claims. (Doc. 33.)

sought and received three extensions of time within which to file his response. (Docs. 35-38, 40-41.)

On April 11, 2022, following a fourth motion for an extension of time by Plaintiff (Doc. 42), the Court issued its Order denying the fourth extension and set a final deadline of May 9, 2022, for Plaintiff's response (Doc. 43).

On May 12, 2022, Plaintiff filed his response to the Order to Show Cause. (Doc. 44.) In relevant part, Plaintiff acknowledged "he provided insufficient information to identify Defendants for service of process." (*Id*. at 3.) Plaintiff asserts "the only remedy is to amend the complaint show defendant 'Herrera' now as 'Jon Doe #1' and show defendant 'Gutierrez' as 'Jon Doe #2" because a plaintiff may "seek discovery to obtain the names of doe's and later amend his pleading in order to substitute the true names of those defendants, unless it is clear that discovery will not uncover their identities." (*Id*.) Plaintiff contends he "was GIVEN FALSE NAMES" and "when discovery is opened the true names will be revealed." (*Id*. at 4.)

## II.  DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 4 provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving plaintiffs proceeding *in forma pauperis*, the Court routinely orders the USMS to serve the summonses and complaints on the defendants. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th

Cir. 1994) (internal quotation marks and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472, 115 (1995). However, where a *pro se* plaintiff fails to provide the U.S. Marshal with sufficient information to effect service on a defendant, the Court may dismiss that defendant. *Id.* at 1421-22.

A district court may dismiss an action for failure to obey a court order, for failure to prosecute and/or failure to effect timely service of process. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-33 (1962); *Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-62 (9th Cir.), cert. denied, 506 U.S. 915 (1992); Fed. R. Civ. P. 4(m).

### B. Analysis

Plaintiff has failed to provide the USMS with sufficient information to effect service on Herrera and Gutierrez. *Walker v. Sumner*, 14 F.3d at 1421-22. Other than surnames, Plaintiff has not provided a first initial or any other identifying information concerning the two defendants named in his amended complaint. It is Plaintiff's obligation to do so. Plaintiff has previously advised this Court that he was provided "the names of the drivers by an investigative officer." (Doc. 42 at 1.) But Plaintiff has no workable plan for obtaining additional identifying information to effect service of process upon Herrera and Gutierrez. Significantly, Plaintiff has been aware of the need to provide additional identifying information for more than seven months.

To the extent Plaintiff contends discovery will reveal the officers' identities, the Court has previously explained that discovery is the obligation of the parties to the suit and that discovery in this matter is not yet open. Nor does the Court conduct discovery. (*See* Doc. 43 at 2.)

Plaintiff believes the solution to his problem lies with amending his complaint to name only John Doe defendants. Not so. The Court cannot order service of a Doe defendant because the USMS cannot serve a Doe defendant. For service to be successful, the USMS must be able to identify and locate defendants. Amending the complaint would in no way resolve Plaintiff's failure to provide identifying information to effect service of process. It would only prolong Plaintiff's failure.

///

Plaintiff has been afforded ample time within which to respond to this Court's Order to Show Cause concerning his failure to effect service of process. And Plaintiff's response reveals Plaintiff is no closer to providing identifying information to assist with service of process than he was when the process began. Therefore, the undersigned will recommend this action be dismissed, without prejudice, for Plaintiff's failure to effect timely service of process. *Link v. Wabash Railroad Co.*, 370 U.S. at 629-33; *Pagtalunan v. Galaza*, 291 F.3d at 642-43; *Ferdik v. Bonzelet*, 963 F.2d at 1260-62.[3]

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Here, Plaintiff has failed to provide identifying information to allow for the prosecution of his case because service of process cannot be accomplished. No defendant has been served nor has any appeared in the action. Nor does it appear further efforts will bear fruit. The Court cannot effectively m manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Plaintiff has been afforded more than 220 days to provide the required information to the Court. Plaintiff has not done so, and there is no indication he could do so were he afforded additional time. Plaintiff's inaction

---

[3] In the event Plaintiff discovers the "true names" of the correctional officers involved in the incident giving rise to his complaint, Plaintiff can refile his action at that time.

5

amounts to an unreasonable delay in prosecuting this action, weighing in favor of dismissal for a risk of prejudice to defendants.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. In the Court's September 28, 2021, Order to Show Cause why the action should be dismissed for a failure to effect service, Plaintiff was warned as follows: "The failure to respond to this order or the failure to show good cause will result in a recommendation that this action be dismissed for failure to effect service." (*See* Doc. 34 at 3.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

### III.  CONCLUSION AND RECOMMENDATION

Accordingly, the Court RECOMMENDS that this action be DISMISSED for Plaintiff's failure to prosecute and/or failure to effect service of process.

///
///
///
///
///
///
///

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 13, 2022**

UNITED STATES MAGISTRATE JUDGE